

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED
09/06/2011**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **RANDY LEE HARTMAN; aka** | § | **Case No. 11-31598** |
| **HARTMAN; aka HARTMAN; fdba** | § | |
| **ARTISAN & CO; fdba CABINETS** | § | |
| **DIRECT; fdba R&S HARTMAN** | § | |
| **ENTERPRISES; dba GALERY 105; dba** | § | |
| **GALLERY 105 ESTATE SALES,** *et al*, | § | |
|     **Debtor(s).** | § | |
| | § | **Chapter 7** |
| | § | |
| **JOHN KENNETT,** *et al*, | § | |
|     **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **Adversary No. 11-3303** |
| | § | |
| **RANDY LEE HARTMAN,** *et al*, | § | |
|     **Defendant(s).** | § | **Judge Isgur** |

## <u>MEMORANDUM OPINION & ORDER</u>

The Court denies Defendants Randy and Shelly Hartman's motion for summary judgment. The Hartmans have not shown that there is an absence of evidence to support the Plaintiffs' claims, and they have not shown that there is no genuine dispute of material fact.

### Background

John and Salena Kennett filed this proceeding against the Hartmans on April 20, 2011. Before the Hartmans' bankruptcy, the Kennetts had hired the Hartmans to renovate their kitchen. The parties entered into a contract.

In their complaint, the Kennetts allege that the Hartmans breached the contract. The Kennetts sue for an exception to discharge under § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), larceny, breach of contract, and denial of or exception to discharge under the Court's general equitable powers established by 11 U.S.C. § 105(a). They seek money damages, including double or treble damages under the DTPA, and legal fees.

On August 8, 2011, the Hartmans filed a motion to dismiss the Plaintiffs' complaint for failure to state a claim, ECF No. 10. At a hearing on August 9, 2011, the Court determined that the motion was, in substance, a motion for summary judgment. The Kennetts filed a response to the motion, ECF No. 15, on August 31, 2011.

The Hartmans filed an amended motion to dismiss the case for failure to prove fraud, ECF No. 16, on September 1, 2011. The amended motion attaches exhibits.[1] The Hartmans also filed a reply to the Kennetts' response to their earlier motion to dismiss. ECF No. 17.

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon

---

[1] The Kennetts' response to the original motion objects to the Hartman's summary judgment evidence. The original motion did not attach evidence. The Court does not consider whether the evidence attached to the September 1, 2011 motion is admissible summary judgment evidence. Assuming that all evidence is admissible, the Hartmans fail to meet their burden.

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

The Court denies summary judgment because there are genuine disputes of material fact.

In their motion and amended motion, the Hartmans argue that the Kennetts' claims fail because the Kennetts breached their contract with the Hartmans. According to the Hartmans, the Kennetts disputed the installation of windows and ceased further production. They allege that the Kennetts had the Hartmans work for months, researching and producing custom designs. The Kennetts allegedly then told the Hartmans that they were hiring another contractor. Later, the Hartmans allege, the Kennetts brought the Hartmans back, but ultimately refused access to the job site. The Hartmans provide, as summary judgment evidence, emails among the parties and their attorneys, invoices, a portion of the parties' contract, and other documents.

According to the Kennetts, the parties entered into the contract on November 29, 2010, and the Kennetts exercised their right to cancel the contract on December 1, 2010. The Kennetts argue that the Federal Trade Commission's three-day cool-off rule, codified at 16 U.S.C. § 41-58 and 16 CFR § 429, allowed them to cancel the contract. They also argue that the Texas state law three-day rule, codified at Tex. Bus. & Com. Code § 601.051 *et seq.*, similarly allowed them to cancel the contract. Moreover, they argue that the contract was terminable at will, even without regard to a three-day rule. The Kennetts' summary judgment evidence includes the contract, the notice of cancellation, and Mr. Kennett's affidavit.

The Hartmans do not show that there is an absence of evidence to support the Kennetts' claims, nor do they show the absence of any genuine dispute of material fact. The Court identifies three major disputes of material fact.

First, there is a genuine dispute of material fact as to whether either the FTC's three-day rule or the Texas three-day rule applies to the transaction.

The FTC's three-day rule applies only to door-to-door sales.  Mr. Kennett's affidavit states that the Hartmans came to the Kennetts' home on November 29, 2010 and asked Mr. Kennett to sign the contract.  Mr. Kennett states that he signed the contract at his home.  The Hartmans assert in their reply that the transaction did not arise out of a door-to-door sale.  Instead, they assert, the contract was signed after a months-long business relationship.  The Hartmans provide documentation of email correspondence with the Kennetts that allegedly occurred before November 29, 2010.  The evidence is unclear as to the circumstances leading to the agreement, and the Hartmans therefore do not establish that there is no genuine dispute of material fact with respect to whether the transaction arose out of a door-to-door sale.

The Texas three-day rule applies to consumer transactions.  The Hartmans do not provide evidence, nor do they argue, that the transaction between the Hartmans and the Kennetts was not a "consumer transaction" within the meaning of the statute.  The Hartmans therefore fail to meet their burden of showing that there is no genuine dispute of material fact with respect to whether the transaction was a consumer transaction.

Second, there is a genuine dispute of material fact with respect to whether the Kennetts timely exercised their cancellation right.  Mr. Kennett's affidavit states that Kennetts delivered a written notice of cancellation on December 1, 2010, within three days of the parties' signing the contract on November 29, 2010.  The Kennetts also submitted the notice of cancellation as summary judgment evidence.  The Hartmans attach to their reply an email from Mr. Kennett to Ms. Hartman, dated December 3, 2010.  The email states, "We consider this agreement cancelled!!"  The Hartmans otherwise do not provide evidence to refute Mr. Kennett's statement.  The Court does not weigh evidence at the summary judgment stage.  There is a genuine dispute of material fact as to whether the Kennetts timely exercised their cancellation right.

Finally, there is a genuine dispute of material fact as to whether the Hartmans committed fraud, much less fraud in a fiduciary capacity, as the Kennetts assert with respect their § 523(a)(4) claim.

## Conclusion

Because the Hartmans have not shown that there is an absence of evidence to support the Kennetts' claims or the absence of a genuine dispute of material fact, the Court denies summary judgment.

SIGNED **September 2, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE